IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEVE GALLAGHER and EARLIENE GALLAGHER,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>GREENPOINT MORTGAGE FUNDING, INC., and WELLS FARGO, N.A., and JOHN DOES 1-10,<br><br>　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br>Case No. 2:14-CV-50 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion to Remand, Defendant Wells Fargo Bank's Motion to Dismiss, and Plaintiffs' Motion for Leave to File an Amended Complaint. For the reasons discussed below, the Court will deny Plaintiffs' Motion to Remand, grant Defendant's Motion to Dismiss, and deny Plaintiffs' request to amend.

I.  BACKGROUND

On March 15, 2005, Plaintiff Earliene Gallagher executed a deed of trust against real property located in St. George, Utah, securing her payment obligations under a $207,900 loan. The deed of trust identifies GreenPoint Mortgage Funding, Inc. as the lender, Southern Utah Title Company as the trustee, and Mortgage Electronic Registration Services, Inc. ("MERS") as the beneficiary.

On July 7, 2010, MERS recorded in the Washington County recorder's office a Corporation Assignment of Deed of Trust/Mortgage assigning all beneficial interest under the first trust deed to Wells Fargo Bank, N.A., as Trustee for the Certificateholders for Banc of

1

America Funding 2005-C, Trust Mortgage Pass-Through Certificates Series 2005-C ("Wells Fargo Bank").

On December 13, 2011, Armand J. Howell ("Howell"), an attorney with Matheson and Howell PC, recorded a Notice of Default and Election to sell in the Washington County recorder's office, indicating that Plaintiff was in default on her monthly payment obligations. On January 6, 2012, Wells Fargo recorded a Substitution of Trustee in the Washington County recorder's office appointing Howell as trustee under the deed of trust. Pursuant to Utah Code Ann. § 57-1-22(1)(c), Wells Fargo ratified and confirmed all actions taken by Howell before the recording of the Substitution of Trustee.

On June 4, 2013, Howell sold the property at a foreclosure sale to Wells Fargo. On June 5, 2013, Howell recorded a Trustee's Deed, reflecting the manner in which the trustee's sale was noticed and conducted.

Litigation concerning the subject property began in early 2011. On February 2, 2011, Plaintiffs filed suit in Utah state court against MERS, Recontrust Company, Bank of America, and Countrywide Home Loans. In that case, Plaintiffs alleged that Defendants were not the owners or holders of the note and had failed to produce the note. As a result, Plaintiffs alleged that Defendants lacked the authority to foreclose.

Defendants removed the action to this Court. Defendants filed a motion to dismiss, to which Plaintiffs did not respond. A hearing was held on the motion on June 28, 2011, where Plaintiffs failed to appear. This Court, through the Honorable Bruce S. Jenkins, granted the motion to dismiss on July 14, 2011, and dismissed Plaintiffs' complaint.

Plaintiffs filed a second suit in state court on May 29, 2013. In that case, Plaintiffs brought suit against BAC Home Loans Servicing, LP, Wells Fargo, and MERS, again alleging that Defendants lacked the authority to foreclose. Defendants removed the action to this Court and later filed a motion to dismiss. Defendants argued that Plaintiffs' claims were barred by res judicata and failed on the merits. On November 14, 2013, this Court, through the Honorable Dale A. Kimball, granted Defendants' motion to dismiss and released the lis pendens filed by Plaintiffs.

Plaintiffs filed the instant action in state court on December 19, 2013. Plaintiffs' Complaint seeks to quiet title to the subject property. As with Plaintiffs' prior actions, Plaintiffs challenge the authority of Defendants to foreclose. Plaintiffs allege that Defendants are not a real and beneficial party in interest and that the promissory note was securitized.

Defendant Wells Fargo Bank removed this action on January 27, 2014, and filed its Motion to Dismiss the following day.[1] Plaintiffs have not responded to the Motion to Dismiss. However, Plaintiffs have filed a Motion to Remand and a Motion to Amend. The Court will consider each Motion.

II. DISCUSSION

A. MOTION TO REMAND

The Court must first consider Plaintiffs' Motion to Remand. Defendants' Notice of Removal is premised on diversity jurisdiction. 28 U.S.C. § 1441(a) allows for the removal of actions "of which the district courts of the United States have original jurisdiction."[2] The Court

---

[1] It does not appear that Plaintiffs have served Defendant GreenPoint Mortgage Funding, Inc.
[2] 28 U.S.C. § 1441(a).

has original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."[3]

Plaintiffs' Motion to Remand is primarily based on the fact that no federal question exists. However, as stated, Defendant's Notice of Removal is premised on diversity jurisdiction. Plaintiffs briefly assert that the amount in controversy is less than $75,000, but do not explain their position on this point.

Plaintiffs bring an action for quiet title. When considering the amount in controversy for a quiet title action, courts consider the value of the property at issue.[4] In this case, the tax assessed value of the property was $215,800 in 2013 and the amount owed on the loan secured by the property is more than $75,000. Therefore, the Court finds that the amount in controversy exceeds $75,000 and jurisdiction is proper.

B. MOTION TO DISMISS

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party.[5] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face,"[6] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7] "A pleading that offers 'labels and conclusions' or 'a formulaic

---

[3] *Id.* § 1332(a)(1).

[4] *Smith v. Adams*, 130 U.S. 167, 175 (1889).

[5] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[8]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[9] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[10]

Defendant argues that Plaintiffs' claims are barred by res judicata. "The doctrine of res judicata embraces two distinct branches: claim preclusion and issue preclusion."[11] "Claim preclusion involves the same parties or their privies and also the same cause of action, and this precludes the relitigation of all issues that could have been litigated as well as those that were, in fact, litigated in the prior action."[12] "Issue preclusion, on the other hand, arises from a different cause of action and prevents parties or their privies from relitigating facts and issues in the second suit that were fully litigated in the first suit."[13]

---

[8] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[9] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[10] *Iqbal*, 556 U.S. at 679 (internal quotation marks and citations omitted).

[11] *Macris & Assoc., Inc. v. Neways, Inc.*, 16 P.3d 1214, 1219 (Utah 2000).

[12] *Id.* (quotation marks and citation omitted).

[13] *Id.* (quotation marks and citation omitted).

In order for claim preclusion to bar a subsequent cause of action, the following requirements must be met: (1) both cases must involve the same parties or their privies; (2) the claim that is alleged to be barred must have been presented in the first suit or must be one that could and should have been raised in the first action; and (3) the first suit must have resulted in a final judgment on the merits.[14]

Issue preclusion applies when the following four elements are met: (1) the party against whom issue preclusion is asserted must have been a party to, or in privity with, a party to the prior adjudication; (2) the issue decided in the prior adjudication must be identical to the one presented in the instant action; (3) the issue in the first action must have been completely, fully, and fairly litigated; and (4) the first suit must have resulted in a final judgment on the merits.[15]

At the very least, Plaintiffs' claim for quiet title is barred by issue preclusion. Plaintiffs were parties to the previous actions. The issue decided in the prior actions—the authority of Defendants to foreclose—is identical to the issue asserted in the current action. The prior actions were completely, fully, and fairly litigated. Finally, the two prior suits resulted in a final judgment on the merits.

Even if Plaintiffs' quiet title claim was not barred by res judicata, it fails on the merits. Plaintiffs challenge Defendants' authority to foreclose based on their belief that Defendants must produce the note and that the securitization of the note renders the note unenforceable. This Court has repeatedly rejected these arguments and Plaintiffs provide no basis to revisit these

---

[14] *Madsen v. Borthick*, 769 P.2d 245, 247 (Utah 1988).

[15] *Oman v. Davis Sch. Dist.*, 194 P.3d 956, 965 (Utah 2008).

issues. Therefore, Plaintiffs' Complaint must be dismissed. Pursuant to Utah Code Ann. § 78B-6-1304(2)(b), the Court orders that the lis pendens filed by Plaintiffs be released.

In addition to seeking dismissal, Defendant requests the Court impose restrictions on Plaintiffs' ability to file future claims related to the subject property. The All Writs Act provides that a court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."[16] The All Writs Act is constrained by the Anti-Injunction Act, which provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."[17]

The third exception, which allows a court to enter injunctions to protect or effectuate its judgments, is known as the relitigation exception. "The relitigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court. It is founded in the well-recognized concepts of res judicata and collateral estoppel."[18]

The Tenth Circuit has stated that

> injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented.[19]

In accordance with this guidance the Court will, by separate order, issue an order to show cause to allow Plaintiffs an opportunity to oppose the imposition of filing restrictions.

---

[16] 28 U.S.C. § 1651(a).

[17] *Id.* § 2283.

[18] *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988).

[19] *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007).

C.      MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiffs have not responded to Defendant's Motion to Dismiss. Instead, Plaintiffs filed a Motion for Leave to File an Amended Complaint. Plaintiffs argue that "[s]ince the filing of the complaint the Plaintiffs have determined the name of two defendants that should be added and other crucial information pertinent to the cause of action against the defendants."[20]

Under Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiffs could have filed an amended complaint as a matter of course within 21 days of Defendant's Motion to Dismiss. Instead of filing an amended complaint, however, Plaintiffs filed their Motion for Leave to File an Amended Complaint. Plaintiffs waited until after the 21-day period had run before submitting an amended complaint.

"Once the time for amendment as a matter of course has passed, pleadings can be amended only by consent of the opposing party or leave of the court."[21] "The court should freely give leave when justice so requires."[22] "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties.'"[23] The Court may refuse to grant leave to amend, however, where it finds evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

---

[20] Docket No. 6, at 1.

[21] *U.S. ex. rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009); *see also* Fed R. Civ. P. 15(a)(2).

[22] Fed R. Civ. P. 15(a)(2).

[23] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[24]

Plaintiffs' Motion fails for both procedural and substantive reasons. DUCivR 15-1 requires that "[p]arties moving . . . to amend a complaint must attach the proposed amended complaint as an exhibit to the motion for leave to file." Plaintiffs failed to attach their proposed amended complaint as an exhibit as required under the local rules. Plaintiffs waited for nearly a month after they filed their Motion for Leave to File an Amended Complaint, and after Defendant had responded to that Motion, before filing their proposed amended complaint.

In addition, the Court finds that Plaintiffs have acted with undue delay, bad faith, and dilatory motive, and that their Motion is futile. A review of the proposed amended complaint reveals that Plaintiffs seek to add Matheson and Howell, PC. As set forth above, Armand J. Howell, an attorney with Matheson and Howell, was appointed as the substitute trustee in December 2011. Therefore, Plaintiffs have been aware of Howell and his firm, and presumably any claims they may wish to assert against them, for years. Based upon this fact, and Plaintiffs' repeated unsuccessful attempts to litigate the issues in this case, the Court finds that Plaintiffs have acted with undue delay and in bad faith, and their actions reveal a dilatory motive.

In addition, Plaintiffs' proposed amended complaint contains no actual claims against Matheson and Howell and there are no specific factual allegations concerning Matheson and Howell. Rather, it appears that Plaintiffs are attempting to add a non-diverse Defendant in an attempt to divest this Court of jurisdiction. The Court cannot condone such behavior.

---

[24] *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Even if the Court accepted Plaintiffs' proposed amended complaint, it fails for the same reasons set forth above. Plaintiffs' claims concerning Defendants' authority to foreclose have been thoroughly vetted and repeatedly rejected. Plaintiffs' proposed amended complaint does nothing to salvage those claims.

III.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 4) is GRANTED. It is further

ORDERED that Plaintiffs' Motion to Amend and Motion to Remand (Docket Nos. 6 and 9) are Denied.

Defendants are directed to submit a proposed order releasing the lis pendens for the Court's signature.

The Clerk of the Court is directed to close this case forthwith.

DATED this 28th day of July, 2014.

BY THE COURT:

Ted Stewart
United States District Judge